EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jonathan Rosario Collazo y Ediris Caro Rivera<br><br>Recurrentes<br><br>v.<br><br>Hon. Aminda Colón Soto<br><br>Recurrida | 2026 TSPR 66<br><br>218 DPR ___ |

Número del Caso: RG-2025-0004

Fecha: 18 de junio de 2026

Representantes legales de la parte recurrente:

        Lcdo. Adalberto E. Moret Rivera
        Lcda. Sylvette M. Moret Guzmán

Registradora de la Propiedad:

        Hon. Aminda Colón Soto

Materia: Derecho Registral – Facultad de la Registradora de la Propiedad para evaluar la constitucionalidad o validez de una cláusula que es parte de un negocio jurídico previamente inscrito en el Registro de la Propiedad; quien puede ser considerado parte interesada para efectos del Art. 244 de la Ley Núm. 210-2015.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Jonathan Rosario Collazo y Ediris Caro Rivera<br><br>Recurrente<br><br>v.<br><br>Hon. Aminda Colón Soto<br><br>Recurrida | RG-2025-0004 | Recurso Gubernativo |

Opinión del Tribunal emitida por la Jueza Asociada Rivera Pérez

En San Juan, Puerto Rico, a 18 de junio de 2026.

En esta ocasión, nos corresponde determinar si la Registradora de la Propiedad actuó dentro del ámbito de los poderes que le han sido delegados por ley al denegar la inscripción de una Escritura de Compraventa, luego de que los recurrentes impugnaran la validez constitucional de una de las cláusulas contenidas en el referido instrumento público. Asimismo, se nos presenta, por primera vez, la oportunidad de interpretar quién puede ser considerado una **"parte interesada"** para efectos del Artículo 244 de la Ley Núm. 210-2015, *infra*, 30 LPRA sec. 6404, así como determinar si los recurrentes cumplen con el requisito jurisdiccional que exige dicho precepto legal.

Luego de examinar detenidamente el expediente ante nuestra consideración, concluimos que la Registradora de la Propiedad actuó correctamente al denegar la inscripción de la Escritura de Compraventa. Ello, debido a que la

determinación sobre la constitucionalidad o nulidad de una cláusula contenida en un instrumento público **inscrito** trasciende las facultades que el ordenamiento jurídico le confiere al Registrador de la Propiedad. En consecuencia, corresponde a los tribunales, y no al foro registral, adjudicar controversias de naturaleza constitucional. Veamos.

## I

Mediante la Escritura Núm. 209, otorgada el 18 de noviembre de 2019 ante el notario Lcdo. Adalberto E. Moret Rivera (Notario Moret Rivera), sobre compraventa,[1] el Sr. Amador González Cortés y su esposa, la Sra. Teresa García Feliciano (en adelante, los esposos González García), vendieron y traspasaron al Sr. Ismael Collazo Moreno y a su esposa, la Sra. Ramona Bonet Sánchez (en adelante, los esposos Collazo Bonet), los derechos adquiridos sobre un usufructo a perpetuidad de un solar municipal localizado en la calle Sánchez Ruiz, en el Municipio de Aguada, así como la estructura existente en el predio. En el inciso PRIMERO se expuso lo siguiente:

> PRIMERO: Que los primeros comparecientes son dueños del derecho de usufructo a perpetuidad de las siguientes propiedades, así como de la estructura que enclava el predio identificado bajo la letra A.
>
> A. URBANA: Derecho de usufructo de solar municipal sito en Calle Sánchez Ruiz número ciento ocho (108) de Aguada, Puerto Rico, con una cabida superficial de CIENTO NOVENTA Y UNO PUNTO CERO TRES (191.03) METROS CUADRADOS en: lindes al NORTE

---

[1] Apéndice, págs. 2-12.

con Segundo Vélez, hoy su Sucesión; al SUR, con Beatriz Vélez, ahora Amador González y esposa; al ESTE, con Aurora Torres, hoy su Sucesión y al OESTE, con Calle Sánchez Ruiz.

Enclava una estructura edificada en hormigón armado y bloques dedicada a vivienda.

Catastro Número: 068-080-039-33-001.

Consta inscrita al folio ciento cincuenta (150) del tomo cuarenta y dos (42) de Aguada, finca número mil seiscientos cincuenta y seis (1,656), en el Registro de la Propiedad, Sección de Aguadilla.

B. URBANA: Predio de terreno sito en Calle Sánchez Ruiz número ciento seis (106) de Aguada, Puerto Rico, con cabida superficial de CIENTO NUEVE PUNTO CUATRO MIL: QUINIENTOS DIEZ (109.4510) METROS CUADRADOS, en: lindes al NORTE con Víctor M. Ruiz, Amador González y esposa; al SUR con Carmen L. Alers; al ESTE con terrenos del: señor Fernando Alers Torres y al OESTE con Calle Sánchez Ruiz.

Catastro Número: 068-080-039-32-001.

Consta inscrita al folio ciento setenta y dos (172) del tomo ciento setenta y cinco (175) de Aguada, finca número nueve mil seiscientos cincuenta y uno (9,651), en el Registro de la Propiedad, Sección de Aguadilla.

De conformidad con la descripción registral previamente transcrita, se hace constar que, los esposos González García habían advenido dueños del inmueble, a su vez, mediante una cesión de derechos y acciones mediante la Escritura Núm. 231 de 30 de agosto de 2007. Según surge del *Recibo de Presentación*, la Escritura Núm. 209 se presentó para inscripción ante el Registro de la Propiedad de Aguadilla (Registro) el 14 de enero de 2020, al Asiento 2020-002668-AG01.

El 22 de julio de 2025,[2] la Hon. Aminda Colón Soto, Registradora de la Propiedad (Registradora), emitió una *Carta de Notificación* en relación con la Escritura Núm. 209,[3] la cual fue notificada al notario Moret Rivera. En esta se notificó la siguiente falta de documento:

> Para la venta o traspaso del usufructo de la propiedad bajo la letra A, es requisito el consentimiento previo por la Legislatura Municipal.

Pasado unos días, el 24 de julio de 2025, las Sras. Judith Collazo Bonet, Maribel Collazo Bonet y Luz Selenia Collazo Bonet (hermanas Collazo Bonet) otorgaron la Escritura Núm. 46 sobre *Compraventa* ante el notario, Lcdo. Omar Bonet Tirado (notario Bonet Tirado).[4] Mediante esta, vendieron, cedieron y traspasaron al Sr. Jonathan Rosario Collazo y la Sra. Ediris Caro Rivera (los recurrentes), la propiedad en controversia, la cual habían adquirido por herencia de sus padres, los esposos Collazo Bonet.

Además, es importante destacar que en la Escritura Núm. 46 se incluyó la siguiente información sobre *Documentos Presentados Pendientes de Calificación y Despacho*:

> Al asiento 2020-002668-AG01, el 14 de enero de 2020, se presentó la Escritura número 209 de Compraventa otorgada en Aguadilla, Puerto Rico el 18 de noviembre de 2019 ante el notario Adalberto E. Moret Rivera, en el cual comparecen la Sociedad Legal de Gananciales compuesta por Amador González Cortes y Teresa García Feliciano, manifiestan que

---

[2] El Art. 236 de la Ley Núm. 210-2015 dispone que el Registrador notificará el defecto en el documento dentro del término de noventa (90) días laborables a partir de la fecha de presentación. 30 LPRA sec. 6388.
[3] Apéndice, pág. 32.
[4] Apéndice, págs. 15-30. En la *Escritura* se indicó que las hermanas Collazo Bonet fueron declaradas herederas mediante *Resoluciones* emitidas en los casos AU2024CV00389 y RN2025CV00014. Apéndice, págs. 8-17.

son dueños de esta finca con cabida de 109.4510 m.c. y otra 1656 de Aguada y la VENDEN a favor de ISMAEL COLLAZO MORENO Y RAMONA BONET SÁNCHEZ, mayor de edad, casados entre sí y vecinos de Aguada, Puerto Rico, por precio de $26,000.00 la cual fue notificada el 22 de julio de 2025 por la falta que a continuación se relaciona: Faltas de la notificación expedida por el Registro; Para la venta o traspaso del usufructo de la propiedad bajo la letra A, **es requisito el consentimiento previo por la Legislatura Municipal. (Negrillas suplidas).**

Así las cosas, el 11 de agosto de 2025, el notario Moret Rivera presentó un *Escrito de Recalificación* en cuanto a la inscripción de la Escritura Núm. 209.[5] En el referido escrito, expresó que la Escritura Núm. 209 trataba sobre una cesión de derechos de usufructo a perpetuidad efectuada el 16 de junio de 1954, por parte del Municipio de Aguada a favor del Sr. Manuel Ruiz Sosa y su esposa, la Sra. Carmen Domenech, a tenor con la Ley Núm. 53 de 28 de abril de 1928, según enmendada, conocida como *Ley Municipal* (derogada). Arguyó que no era correcto en derecho denegar la cesión del usufructo cedido a perpetuidad en el año 1954, a tenor con la Ley Municipal del 1928. Expresó que el referido estatuto legal les concedía potestad a los municipios para otorgar usufructo a perpetuidad a los constituyentes y que tal usufructo era transmisible, heredable y enajenable por constituir derechos adquiridos. **Por tal razón, sostuvo que la condición establecida por la Asamblea Municipal de que el usufructo no podía ser cedido, donado ni transmitido sin su**

---

[5] En el *Escrito de recalificación* compareció también la Lcda. Sylvette M. Moret Guzmán.

**consentimiento, era nula *ab initio* por ser contraria a la ley vigente en que se autorizó.**

El 30 de septiembre de 2025, mediante una *Carta de Notificación*,[6] la Registradora denegó la inscripción de la Escritura Núm. 209 por los mismos fundamentos que la notificación anterior, a saber, **el requisito de consentimiento previo de la Legislatura Municipal para la venta o traspaso del derecho de usufructo.**

En desacuerdo, el 17 de octubre de 2025, los recurrentes presentaron un *Recurso Gubernativo* ante este Tribunal.[7] Los señalamientos de objeción a la calificación son los siguientes:

A. ERRÓ LA HONORABLE REGISTRADORA, AL DENEGAR LA SOLICITUD DE INSCRIPCIÓN DE LA ESCRITURA PRESENTADA AL ASIENTO 2020-002668-AG01, REGISTRO DE LA PROPIEDAD DE PUERTO RICO, SECCIÓN DE AGUADILLA.

B. LA NOTIFICACIÓN NO CONTIENE TODOS LOS FUNDAMENTOS LEGALES PARA LA CALIFICACIÓN.

El 22 de octubre de 2025, la Registradora presentó una *Moción en Cumplimiento* con el Art. 245 de la Ley Núm. 210 del 8 de diciembre de 2015, a la cual acompañó copia de los siguientes documentos: el Escrito de Recalificación; copia del documento presentado por la vía electrónica y certificada por el notario como idéntica a la copia certificada en papel regular; Recibo de Presentación,

---

[6] Apéndice, págs. 29.
[7] Los recurrentes alegaron ser parte con interés en la inscripción de la Escritura Núm. 209, pues estos adquirieron los derechos del inmueble en controversia mediante la Escritura Núm. 46 de 24 de julio de 2025. Adujeron que la inscripción de esta última depende de la inscripción de la Escritura Núm. 209.

Asiento 2020-002668-AGO1; copia de las notificaciones de defectos; y copia de los folios donde está inscrita la finca 1656 de Aguada que contiene la denegatoria de inscripción.

Luego, el 3 de noviembre de 2025, la Registradora presentó su *Alegato* […]. Como cuestión de umbral, la Registradora advierte que los recurrentes alegan que son parte con interés en la inscripción de la Escritura Núm. 209, pues adquirieron los derechos del inmueble en controversia mediante la Escritura Núm. 46 del 24 de julio de 2025. Por tal motivo, la Registradora aclara que la Escritura Núm. 46 de 24 de julio de 2025 a la que aluden los recurrentes, y en la cual estos son la parte compradora, se presentó en el Registro el 12 de septiembre de 2025, bajo el Asiento 2025-107068-AG01, es decir, **con posterioridad a la notificación de falta y la presentación del Escrito de Recalificación.** Por ello, la Registradora puntualiza que la Escritura Núm. 46 mediante la cual los recurrentes adquirieron los derechos sobre el inmueble, al presente no ha sido calificada ni notificada, sino que solo está pendiente de notificación en lo que se resuelve el asiento anterior.

En síntesis, expresó que su actuación se limitó a denegar la inscripción solicitada al amparo de los Arts. 229 y 235 de la Ley del Registro de la Propiedad, *infra*, los cuales establecen que la calificación de los registradores se limitará a los documentos presentados, la capacidad de los otorgantes, la validez de los actos y contratos

contenidos en los mismos, los asientos registrales vigentes y las leyes. En cuanto al defecto notificado y su denegatoria, la Registradora expresa que este tiene su origen en el Art. 235 de la Ley del Registro de la Propiedad, *infra*. **Especifica que la falta notificada consiste en que en la inscripción primera de la finca 1656 de Aguada consta inscrita la condición de que no se podrá ceder y/o traspasar el usufructo hasta tanto no se tenga la autorización de la Legislatura Municipal.**

La Registradora arguye que este recurso gubernativo trata sobre unos usufructuarios que cedieron su usufructo a un tercero, el cual tiene una condición (*de no cederlo sin su consentimiento*)*,* impuesta por el titular e inscrita en el Registro, por la cual los recurrentes tendrán que comparecer a un tribunal competente a cuestionar la validez de la referida condición. **Señala, además, que esta no tiene autoridad para declarar inconstitucional o ilegal una condición previamente inscrita mediante instrumento público.**

En su *Alegato*, la Registradora expresó que surge del historial registral que el Municipio de Aguada inscribió el solar a su favor y, mediante ordenanza municipal, concedió a Víctor M. Ruiz Sosa un derecho de usufructo a perpetuidad, **sujeto a una condición expresa que prohíbe su cesión o traspaso sin autorización previa de la Asamblea Municipal.** Tras el fallecimiento del usufructuario, su sucesión otorgó una escritura de cesión de derechos de usufructo a favor de terceros, la cual fue presentada por el notario Moret Rivera

para su inscripción. Al calificar dicho documento, la Registradora requirió la correspondiente autorización municipal, conforme a la condición inscrita, lo que motivó la presentación de la Ordenanza Núm. 35 (Serie 2005-2006), **mediante la cual se autorizó la cesión, pero manteniendo expresamente las mismas condiciones originales**. En consecuencia, se realizó la inscripción sin cancelar las referidas limitaciones, las cuales continúan vigentes al no haber sido objeto de solicitud de cancelación por parte del municipio. La Registradora destaca, además, que el notario Moret Rivera, en esa ocasión, no objetó tal requerimiento y cumplió con el mismo.[8] No obstante, en la calificación posterior objeto del presente recurso, al exigírsele nuevamente la autorización municipal, este adoptó una postura distinta y solicitó la recalificación del asiento, alegando por primera vez la inconstitucionalidad de las condiciones impuestas.

Expuestos los hechos procesales pertinentes, procedemos a examinar el marco jurídico aplicable a la controversia ante nuestra consideración.

---

[8] Los recurrentes en su Alegato, pág. 3, intentan rebatir esta alegación con la siguiente expresión: "Nunca se nos exigió el referido documento". No obstante, en la misma oración aceptan que, en efecto, el Notario le entregó el documento a la Registradora debido a que sus clientes (los otorgantes) se lo habían entregado a él.

**II**

**A. Jurisdicción gubernativa**

En virtud del Art. 3.002(h) de la Ley Núm. 201-2003, también conocida como la Ley de la Judicatura de Puerto Rico de 2003 (Ley de la Judicatura), y conforme a la Regla 27 del Reglamento del Tribunal Supremo de Puerto Rico (2011), según enmendado, 4 LPRA Ap. XXI-B, R. 27, este Tribunal tiene jurisdicción original para atender recursos presentados contra las calificaciones finales del Registro de la Propiedad que denieguen la solicitud de un asiento. En el pasado hemos expresado que el recurso gubernativo procede para revisar aquella calificación de un registrador que suspenda o deniegue la inscripción o anotación de un documento presentado para su registración. A esos efectos, hemos indicado que "[n]uestra jurisdicción gubernativa se activa por recurso contra denegatoria o suspensión de la inscripción [...]". *Housing Inv. Corp. v. Registrador*, 110 DPR 490, 502 (1980). Véase, también, *CRIM v. Registradora*, 193 DPR 943, 947 (2015).

Además, el recurso oportuno y adecuado contra una calificación del Registrador de la Propiedad es un escrito de recalificación que tendrá que cumplir con el Art. 241 de la Ley Núm. 210-2015, conocida como la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico,* según enmendada, 30 LPRA sec. 6401, que en lo pertinente dispone que:

> [...] el notario, funcionario autorizado o el interesado que no esté conforme con la calificación del Registrador podrá, dentro del **término improrrogable** de veinte (20) días siguientes a la fecha de la notificación, presentar un escrito de recalificación exponiendo sus objeciones a la calificación, los fundamentos legales y una solicitud específica de lo que interesa. (Negrillas suplidas). Véase, además, *Matos, Sostre v. Registradora*, 213 DPR 348, 355-356 (2023).

Una vez se presente el escrito de recalificación y se cumplan los términos aplicables, la parte inconforme podrá acudir ante este Tribunal mediante la presentación de un recurso gubernativo. No obstante, como condición **necesaria** para que esta Curia asuma jurisdicción, se requiere que el peticionario del recurso gubernativo sea un notario, funcionario autorizado **o parte interesada** que a su vez haya radicado oportunamente un escrito de recalificación ante el Registrador. Así lo dispone el Artículo 244 de la Ley Núm. 210-2015, *supra*, 30 LPRA sec. 6404:

> El notario, funcionario autorizado o <u>el interesado</u> podrá recurrir ante el Tribunal Supremo de Puerto Rico contra la calificación final del documento, mediante la presentación de un recurso gubernativo. **No obstante, no podrá interponer el recurso quien no haya radicado oportunamente el escrito de recalificación**. (Negrillas y subrayado suplidas).

En *Chase Manhattan Bank, N.A. v. Registrador*, 136 DPR 650 (1994) (Sentencia), se atendió un Recurso Gubernativo en el cual se confirmó la nota que denegó la inscripción solicitada por el peticionario recurrente, Chase *Manhattan Bank*. Por su parte, en la opinión concurrente emitida por la

Juez Asociada Naveira de Rodón, a la cual se unió el Juez Presidente Señor Andréu García, se **aborda expresamente el fundamento jurídico de la legitimación del recurrente**, Chase *Manhattan Bank*, apoyándose en la Ley Hipotecaria y su Reglamento. En lo pertinente explican que, "[s]e entenderá **por interesado** en asegurar el derecho que se desea inscribir todo poseedor de un derecho o título, aunque no conste en el documento que se presenta y cuya inscripción dependa de la inscripción de éste". Id., pág. 658. En dicho caso, *Chase* compareció **como parte interesada**, no en su carácter de titular registral, sino como acreedor hipotecario del remanente de 1.1336 cuerdas, cuya inscripción **dependía necesariamente** de la previa inscripción de la Escritura impugnada de segregación y cesión permanente. En virtud del entonces Art. 62.3 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad (hoy derogado), 30 LPRA sec. 2003, **se consideró interesado a todo poseedor de un derecho cuya inscripción dependa de la inscripción del documento presentado, aun cuando no conste como otorgante.** Conforme a ello, el Chase *Manhattan Bank* compareció como recurrente legitimado para oponerse a la calificación de la Registradora.

Ahora bien, el Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, Reglamento Núm. 2674 de 9 de julio de 1980, fue derogado y sustituido por el Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre

Asociado de Puerto Rico, Reglamento Núm. 8814 de 31 de agosto de 2016 (Reglamento Núm. 8814). De este reglamento se desprende que, más allá de menciones puntuales a la "parte interesada" en distintos contextos, incluyendo en el contexto del procedimiento de recalificación, no se provee una definición expresa ni una delimitación clara de lo que constituye dicha figura. Por tanto, el Reglamento Núm. 8814 se limita a regular aspectos procesales relacionados con la presentación y trámite del escrito de recalificación, sin precisar quiénes cualifican como "parte interesada" para efectos de instar dicho remedio.

El mismo vacío lo encontramos en nuestra Ley del Registro de la Propiedad, Ley Núm. 210-2015, *supra*. Aunque a lo largo de la pieza legislativa se menciona la "parte interesada", el estatuto tampoco la define ni establece una determinación expresa al respecto. Ante tal laguna, resulta necesario acudir a los principios de hermenéutica jurídica. En ese ejercicio:

> […] debemos interpretar la ley en su conjunto, y no por secciones separadas. Por lo anterior, estamos obligados a armonizar, en la medida de lo posible, todas las disposiciones de la ley, en aras de obtener un resultado más sensato, lógico y razonable. (Citas omitidas). *Rosado Molina v. ELA y otros*, 195 DPR 581, 590 (2016).

De un análisis integral de la Ley Núm. 210-2015, *supra,* se evidencia que la legitimación para impugnar la calificación registral **no se limita al otorgante del documento.** De igual forma, la ley reconoce que estarán legitimados para presentar documentos en el Registro, "**la**

**persona que adquiere el derecho o lo transmita o que tenga interés en su inscripción."** (Negrillas suplidas). Véase Art. 260 de la Ley Núm. 210-2015, *supra*, 30 LPRA sec. 6433. Es decir, la **persona con interés** a la que se refiere la ley, por definición tiene que ser alguien distinta a (1) la persona que adquiere el derecho, (2) la persona que lo transmite y (3) el notario. No obstante, dicho interés no es irrestricto, sino que debe ser uno jurídico, directo y vinculado al derecho cuya inscripción se pretende, de forma tal que la inscripción o su denegatoria pueda afectar su posición jurídica.

Por otra parte, el Art. 244 de la Ley Núm. 210-2015, *supra*, autoriza al "notario, funcionario autorizado o el interesado" a recurrir de la calificación final del documento. A su vez, el Art. 243 de la Ley Núm. 210-2015, *supra*, **reconoce expresamente que la inscripción de determinados documentos puede depender de la inscripción previa de otros títulos.** De ello se colige que quienes ostentan derechos cuya eficacia registral depende de una inscripción previa poseen un interés jurídico directo en la inscripción de dicho documento. Consecuentemente, tales personas pueden considerarse **parte interesada** para fines de solicitar la recalificación registral, aun cuando no hayan sido otorgantes del instrumento cuya inscripción se pretende.

Como es sabido, nuestro sistema registral tiene su origen en el sistema registral español. Por ende, en varias

ocasiones hemos acudido a sus disposiciones equivalentes a las nuestras y las interpretaciones dadas a estas por los tratadistas. Así, en *Pino Dev. Corp. v. Registrador*, 133 DPR 373, 383 (1993) analizamos el Art. 33 del Reglamento Hipotecario español cuya disposición era equivalente al entonces Art. 43 de la Ley Hipotecaria (derogada), 30 LPRA sec. 2206. Allí reconocimos que la Registradora actuó correctamente al requerir ciertos documentos complementarios. No obstante, determinamos que esta erró al reconocer que solo el albacea y no los herederos eran quienes debían presentarla. En cuanto a esta controversia, y en lo aquí pertinente, resolvimos que:

> **Parte interesada es quien tiene interés o derecho en una cosa, negocio, transacción o pleito.** No es difícil concluir que Pino, representada por Juan Agustín Rivero, está interesada legítimamente en la corrección del tracto sucesivo, por cuanto en la realidad extrarregistral adquirió un título sobre el inmueble a través de una compraventa. Según el Art. 48(d) de la Ley Hipotecaria, 30 L.P.R.A. sec. 2251(d), la persona que represente al adquirente de un derecho, y tiene interés en asegurar su inscripción (incisos (a) y (c)), puede pedir la inscripción del título correspondiente en el Registro. Ciertamente, el que está facultado para "más", lo está para "menos", i.e.: si puede presentar un título para su inscripción puede presentar una instancia para aclarar lo relativo a su derecho. (Negrillas suplidas). Íd., pág. 383.

Por otra parte, resulta pertinente destacar cómo el concepto de "parte interesada" ha sido dispuesto en la Ley Hipotecaria de España, (B.O.E. 1946, 73) para fines de la solicitud de recalificación. En su Art. 325 dispone una definición amplia sobre los que estarán legitimados para interponer el recurso de recalificación, la cual dicta:

> La persona, natural o jurídica, a cuyo favor se hubiera de practicar la inscripción, **quien tenga interés conocido en asegurar los efectos de ésta, como transferente o por otro concepto,** y quien ostente notoriamente o acredite en forma auténtica la representación legal o voluntaria de unos y otros para tal objeto. […]. (Negrillas suplidas). Íd.

A la luz del marco normativo y doctrinal antes expuesto, resulta forzoso concluir que la doctrina en su totalidad converge en una interpretación amplia y funcional del concepto de "parte interesada". Así, una parte interesada, para efectos de solicitar la recalificación de una determinación del Registrador, **es aquella que pueda acreditar un interés jurídico real en la inscripción o denegatoria del asiento en cuestión.** En consecuencia, poseer un interés propietario condicionado a la previa inscripción de una escritura, sin duda, convierte a la persona en la "parte interesada" a la que alude el Art. 244 de la Ley Núm. 210-2015, supra.

## B. Facultades del Registrador

"En nuestro ordenamiento, la facultad que define el rol del Registrador es la de calificar los documentos que son presentados ante el Registro de la Propiedad. Tal ejercicio consiste en examinar o comprobar la legalidad de aquello cuya inscripción en el Registro de la Propiedad se aspire". L.R. Rivera Rivera, *Derecho registral inmobiliario puertorriqueño*, 3.ra ed., San Juan, Jurídica Eds., 2012, pág. 275.

> Sin tal función, "no podría cumplirse el principio de legalidad que gobierna el sistema inmobiliario

registral", el cual materializa "el propósito de que el Registro encierre solo actos válidos y derechos perfectos". (Citas omitidas). A la luz de tal imperativo, se consideran títulos válidos y perfectos los que reúnen en sí los requisitos establecidos por ley o reglamento. *Oriental Bank v. Registrador*, 209 DPR 384, 393 (2022) citando a *Western Fed. Savs. Bank v. Registrador*, 139 DPR 328, 332–333 (1995).

Ello en conformidad con uno de los principios esenciales que rigen el Registro de la Propiedad: la fe pública registral. "Del mismo modo, evita que el Registro se convierta en un mero archivo de documentos". *Adorno v. Vigo*, 207 DPR 361, 370 (2021) citando a L.R. Rivera Rivera, *op. cit.*, pág. 274. A esos efectos, los Registradores de la Propiedad tienen la obligación legal de "determinar si un documento es o no inscribible". *R & G Premier Bank P.R. v. Registradora*, 158 DPR 241, 246 (2002).

Debido a la amplia gama de situaciones que surgen en el manejo ordinario del Registro de la Propiedad, la función calificadora del Registrador ha sido objeto de extensa discusión por parte de este Foro, y hemos resuelto reiteradamente que la misma **es de carácter limitado**. Tales limitaciones han sido codificadas en el Art. 229 de la Ley Núm. 210-2015, supra, 30 LPRA sec. 6381. "En cuanto a los documentos notariales, el rol calificador del Registrador se limitará a: (1) las formas extrínsecas de los documentos presentados; (2) la capacidad de los otorgantes; (3) la validez de los actos y contratos contenidos en tales documentos, y (4) la inexistencia de obstáculos que surjan del Registro de la Propiedad que impidan la inscripción de

los documentos". *Adorno v. Vigo*, supra, págs. 370-371. Véase, además, *R & G Premier Bank P.R. v. Registradora*, supra, pág. 247.

Dentro de ese mismo marco, este Tribunal también ha delimitado el alcance de dicha función al evaluar la intervención del Registrador en la apreciación de los negocios jurídicos. Así, hemos pautado que la función del Registrador "[n]o comprende la facultad de declarar la existencia o inexistencia de un derecho dudoso o contendido entre partes". *R & G Premier Bank P. R. v. Registradora*, supra, pág. 246. Véase, además, *Gasolinas PR v. Registrador*, 155 DPR 652 (2001); *U.S.I. Properties, Inc. v. Registrador*, 124 DPR 448, 467(1989); *Preciosas V. Del Lago v. Registrador*, 110 DPR 802, 810 (1981). Por ello, [el Registrador] no está llamado a realizar tareas propias de los jueces, como la adjudicación de derechos. A modo de ejemplo, ya hemos resuelto que, "un Registrador no puede revisar determinaciones de hecho y de derecho de un tribunal; mucho menos adjudicar derechos." *U.S.I. Properties, Inc. v. Registrador*, supra, pág. 467.

"[E]n síntesis ... **el fin** de la calificación registral se reduce a determinar si un título es o no inscribible, y nada más". (Negrillas suplidas). *Ramírez Lebrón v. Registrador*, 131 DPR 76, 82 (1992) citando a R.M. Roca Sastre, *Derecho Hipotecario*, 7ma ed., Barcelona, Ed. Bosh, 1979, T. II, pág. 265. Se ha expresado al respecto que:

> **la calificación tiene límites claros**: solo podrá determinar si el documento presentado contiene derechos reales o con trascendencia real inscribibles y, a partir del acto voluntario de rogación, inscribir o anotar, notificar faltas o denegar la inscripción o anotación. Una vez inscrito, el asiento es intocable y está bajo la salvaguardia de los Tribunales. (Negrillas suplidas). L.R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño,* 4ta ed., San Juan, Ed. Jurídica Editores, 2025 Tomo I, págs. 346-347. Véase, además, Art. 230 de la Ley Núm. 210-2015, *supra*, 30 LPRA 6382.[9]

Ahora bien, una vez inscritos los derechos en el Registro de la Propiedad, este Tribunal ha establecido consistentemente que los actos inscritos **se presumen válidos** hasta que un tribunal declare su nulidad. *Parras Silvestry v. Registradora*, 203 DPR 832, 845 (2020). De este modo, "los registradores no están facultados para apreciar la legalidad de los asientos extendidos", **con anterioridad por sus predecesores o por ellos mismos**. Íd.[10]

Dicha presunción cobra particular relevancia en el caso ante nos, toda vez que los recurrentes impugnan la validez de una cláusula contenida en una escritura ya inscrita en el Registro de la Propiedad. Veamos.

### III

Como cuestión de umbral debemos auscultar nuestra jurisdicción para atender el *Recurso Gubernativo* ante nos. Como indicáramos al inicio, los hechos del presente caso son

---

[9] El referido articulado dispone que: "La calificación del Registrador será a los únicos efectos de extender o denegar la inscripción, anotación, nota o cancelación solicitada, y no impedirá ni prejuzgará el juicio que pueda seguirse en los tribunales sobre la validez de los documentos calificados, debiendo atenerse el Registrador a lo que en aquel se resuelva".

[10] Véase, además, Art. 229 de la Ley 210-2015, *supra*, 30 LPRA sec. 6381.

particulares y nos permiten expresarnos por primera vez sobre quién puede ser considerado "interesado" para efectos del Art. 244 de la Ley Núm. 210-2015, supra, 30 LPRA sec. 6404, y si los recurrentes superan el requisito jurisdiccional que exige dicho estatuto.

La parte recurrente en el caso de marras son los esposos Rosario Rivera, quienes comparecen ante este Foro representados por el notario Moret Rivera. A su vez, el notario Moret Rivera fue el otorgante de la escritura en controversia, esto es, la Escritura Núm. 209 de Compraventa. En dicha escritura comparecieron los esposos González García, quienes vendieron y traspasaron a los esposos Collazo Bonet los derechos adquiridos sobre un usufructo a perpetuidad de un solar municipal localizado en la Calle Sánchez Ruiz, en el Municipio de Aguada, así como la estructura existente en el predio.

Luego de haber transcurrido seis años, el notario Moret Rivera otorgó una segunda escritura de Compraventa Núm. 49, a favor de los compradores (los esposos Rosario Collazo y Caro Rivera), quienes recurren ante este foro mediante Recurso Gubernativo. En este contexto, los recurrentes sostienen que son parte interesada en la inscripción de la Escritura Núm. 209, **debido a que de dicha inscripción depende la inscripción de su derecho de compraventa otorgado en una escritura posterior**, específicamente la Escritura Núm. 46 de Compraventa del 2025, también otorgada por el notario Moret Rivera. Evidentemente tienen razón. Los recurrentes poseen

un interés propietario directamente afectado por la calificación de la Escritura Núm. 209, por lo que pueden ser considerados interesados para efectos del Art. 244 de la Ley Núm. 210-2015, *supra*.

Ahora bien, en cuanto al aspecto Jurisdiccional, el Art. 244 de Ley Núm. 210-2015, supra, establece que "no podrá interponer el recurso quien no haya radicado oportunamente el escrito de recalificación". En el caso de autos, se presentó una recalificación conforme a derecho ante la Registradora, a nombre del notario Moret Rivera.

De este modo, **al configurarse la condición estatutaria** para acceder a este Foro, el notario Moret Rivera adquirió legitimación para instar el presente Recurso Gubernativo, a su nombre o en representación de alguna parte interesada, como los aquí recurrentes.[11]

Superado el aspecto jurisdiccional, procedemos a examinar los méritos de la calificación efectuada por la Registradora.

---

[11] Véase Regla 5 del Reglamento Notarial, 4 LPRA Ap. XXIV ("podrá actuar el abogado como notario en toda acción ex parte, de jurisdicción voluntaria, y en los recursos gubernativos a menos que su actuación esté expresamente prohibida por ley o doctrina Jurisprudencial"). Destacamos que previo a la aprobación de la Ley Núm. 210-2015, supra, los notarios y las notarias estaban legitimados para presentar un Recurso Gubernativo en instancias en las que las faltas señaladas por el Registrador o la Registradora de la Propiedad estuvieran basadas en algún defecto de forma. Véase Art. 76 de la Ley Núm. 198-1979, según enmendada, Ley Hipotecaria y del Registro de la Propiedad, 30 LPRA ant. sec. 2279 y Ley Núm. 152-2007 30 LPRA 2275. En las demás instancias, los notarios y las notarias no podían recurrir en su propio nombre, pero sí en representación de la parte interesada. No obstante, el Art. 244 de la Ley Núm. 210-2015, supra, no contiene limitación en ese aspecto. Véase, H. Sánchez Martínez, Derecho Procesal Apelativo, pág. 761 (2001). L.R. Rivera Rivera, Derecho registral inmobiliario puertorriqueño, Tomo 1, 4ta Ed., pág. 412, n. 20 (2025).

Como señalamos, en el recurso gubernativo de autos los recurrentes arguyen que la Registradora erró al no declarar la nulidad e inconstitucionalidad de una cláusula contenida en una escritura previamente inscrita. Nótese que **la cláusula impugnada fue inscrita originalmente como parte de las condiciones restrictivas que gravan la finca núm. 1656,** impuestas por su entonces titular, el Municipio de Aguada. Dicha condición restrictiva estableció que quedaría "**terminantemente prohibido ceder, traspasar, regalar o vender los derechos del solar sin previo consentimiento de la Asamblea Municipal,** y que toda ordenanza, resolución acuerdo o parte de la misma en conflicto con lo que motiva este asiento quedan derogadas por ésta, la cual empezará a regir inmediatamente sea aprobada por el Alcalde".[12]

Por tanto, la consecuencia jurídica de esta cláusula fue que todas las cesiones o compraventas posteriores tenían que cumplir con dicha condición y presentar la autorización de la Legislatura Municipal del Municipio de Aguada para su inscripción en el Registro de la Propiedad, incluyendo la que hoy está en controversia. Por tanto, lo que los recurrentes nos solicitan mediante el presente recurso gubernativo, no es meramente que la Registradora declare nula una cláusula de la escritura en cuestión, sino que

---

[12] Véase Apéndice del recurso, pág. 39. Véase la Ordenanza Municipal Núm. 35, Serie 2005-2006, la cual dispone que: "La Ordenanza 22 serie 1958-1959 concede la facultad al usufructuario a traspasar, enajenar, vender o gravar este derecho real **con el requisito indispensable** de la necesidad de consentimiento previo por la Legislatura Municipal, condición que así consta plasmada en el Honorable Registro de la Propiedad de Aguadilla". (Negrillas suplidas).

declare nula e inconstitucional una cláusula que ya constaba inscrita en el Registro de la Propiedad. Ante tal solicitud, que transgrede las facultades de la Registradora, somos del criterio que la Registradora actuó correctamente y conforme a derecho al denegar la inscripción de la Escritura de Compraventa.

Según expresado la Registradora no está en posición ni tiene jurisdicción para evaluar la constitucionalidad o validez de una cláusula que es parte de un negocio jurídico previamente inscrito en el Registro de la Propiedad. Ese análisis constitucional y estatutario le corresponde dilucidarlo, en su día, al Tribunal de Primera Instancia.

**IV**

En mérito de los fundamentos que anteceden, se confirma la calificación de la Registradora de la Propiedad.

Se dictará sentencia en conformidad.

Camille Rivera Pérez
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Jonathan Rosario Collazo y Ediris Caro Rivera<br><br>Recurrente<br><br>v.<br><br>Hon. Aminda Colón Soto<br><br>Recurrida | RG-2025-0004 | Recurso Gubernativo |

SENTENCIA

En San Juan, Puerto Rico, a 18 de junio de 2026.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se confirma la calificación de la Registradora de la Propiedad.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo